UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE DOUGHTRY, as attorney in fact for WILLIE DOUGHTRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 1:20-cv-00216-DAD-BAM<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR A 30-DAY EXTENSION OF TIME TO RESPOND TO THE COURT'S JULY 13, 2020 ORDER**<br><br>(Doc. No. 14) |

Currently before the Court is Plaintiffs Valerie Doughtry as attorney in fact for Willie Doughtry and Willie Doughtry's ("Plaintiffs") *ex parte* application for an extension of time to respond to the Court's July 13, 2020 order. (Doc. No. 14.)

On June 18, 2020, Plaintiffs filed an *ex parte* application for an order confirming Valerie Doughtry as the proper representative for her father, Willie Doughtry, pursuant to a general power of attorney or, in the alternative, appointing Valerie Doughtry as Willie Doughtry's guardian ad litem. (Doc. No. 12.) On July 13, 2020, the Court directed Plaintiffs to supplement their application by August 14, 2020, with, among other things, appropriate evidence addressing whether Willie Doughtry lacks the capacity to understand the nature or consequences of the proceeding or is unable to assist counsel in the preparation of the case. (Doc. No. 13.) Defendant Allstate Insurance Company was instructed to file an opposition or a statement of non-opposition to the application by August 24, 2020. (*Id.*)

On August 14, 2020, counsel for Plaintiffs filed a declaration requesting an extension of time to respond to the Court's July 13, 2020 order. (Doc. No. 14.) According to counsel, Valerie Doughtry has had difficulty obtaining information regarding Willie Doughtry's condition due to delays caused

1

by COVID-19. (*Id.*) Additionally, counsel for Plaintiffs has not heard from Ms. Doughtry since August 12, 2020, when she informed counsel that she had taken her husband to the emergency room and counsel is concerned that there may be a serious health issue that has interrupted Plaintiffs' ability to timely respond. (*Id.*)

*Ex parte* applications for extensions of time are not ordinarily granted. *See* Local Rule 144(c). Notably, Plaintiffs' instant *ex parte* application does not address whether counsel contacted Defendant to obtain a stipulation regarding the requested extension or to determine whether Defendant opposes the request or whether a stipulation extending time could not reasonably be obtained. *See id.* However, in light of the circumstances giving rise to the application, the Court finds that an extension is warranted and that Defendant will not be prejudiced by the extension granted here. However, counsel for Plaintiffs is nonetheless reminded of his obligation to seek to obtain any necessary extension from the Court or from other counsel or parties as soon as the need for the extension becomes apparent. *See* Local Rule 144(d). Additionally, future requests for Court-approved extensions brought on the required filing date will be looked upon with disfavor. *See id.*

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiffs' *ex parte* request for an extension of time (Doc. No. 14) is GRANTED;
2. Plaintiffs' supplemental briefing pursuant to the Court's July 13, 2020 order (Doc. No. 13) shall be filed on or before **September 14, 2020**; and
3. Defendant's response (Doc. No. 13) shall be filed on or before **September 28, 2020**.

IT IS SO ORDERED.

Dated:   **August 17, 2020**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE